# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

|  | Case No. 12-CV-05138 (VEB) |
|---|---|
| LORA NEW, on behalf of JNJ, a Minor Child, | |
| Plaintiff, | DECISION AND ORDER |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

In May of 2007, Plaintiff Lora New, the mother and natural guardian of JNJ ("Claimant"), filed an application on Claimant's behalf for Supplemental Security

Income ("SSI") benefits under the Social Security Act, alleging disability due to attention deficit hyperactivity disorder ("ADHD") and oppositional defiant disorder. The Commissioner of Social Security denied the application.

Plaintiff, represented by D. James Tree, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties have consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 8).

On January 3, 2014, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 18).

## II. BACKGROUND

The procedural history may be summarized as follows:

Plaintiff is the mother of Claimant, a minor child. On May 23, 2007, Plaintiff filed an application for SSI benefits on Claimant's behalf, alleging disability beginning December 15, 1999. (T at 11, 188-194).[1]  The application was denied initially and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On February 8, 2011, a hearing was held before ALJ Caroline Siderius. (T at 52). Claimant and Plaintiff appeared with an attorney. (T at 55). Plaintiff testified.

---

[1] Citations to ("T") refer to the administrative record at Docket No. 12.

DECISION AND ORDER RE: *NEW V. COLVIN* 12-CV-5138 (VEB)

(T at 57-58, 63-65, 74-79). The ALJ also heard testimony from Dr. Kent Layton, a clinical psychologist. (T at 58-63, 65-73).  Claimant's brother appeared and testified. (T at 80-84).

On March 11, 2011, ALJ Siderius issued a written decision denying the application for benefits and finding that Claimant was not disabled within the meaning of the Social Security Act.  (T at 8-30).   The ALJ's decision became the Commissioner's final decision on August 30, 2012, when the Social Security Appeals Council denied Plaintiff's request for review.  (T at 1-7).

On October 23, 2012, Plaintiff, acting by and through her attorney and on Claimant's behalf, commenced this action by filing a Complaint in the United States District Court for the Eastern District of Washington. (Docket No. 5). The Commissioner interposed an Answer on January 14, 2013. (Docket No. 10).

Plaintiff filed a motion for summary judgment on June 28, 2013. (Docket No. 19).  The Commissioner moved for summary judgment on August 9, 2013. (Docket No. 21).  Plaintiff filed a reply memorandum of law in further support of her motion on August 23, 2013. (Docket No. 22).  As noted above, the parties consented to the jurisdiction of a Magistrate Judge. (Docket No. 8).

For the reasons set forth below, the Commissioner's motion is denied, Plaintiff's motion is granted, and this case is remanded for calculation of benefits.

# III. DISCUSSION

**A.**    **Sequential Evaluation Process**

An individual under the age of eighteen (18) is disabled, and thus eligible for SSI benefits, if he or she has a medically determinable physical or mental impairment that results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i). However, that definitional provision excludes from coverage any "individual under the age of [eighteen] who engages in substantial gainful activity...." 42 U.S.C. § 1382c(a)(3)(C)(ii).

By regulation, the agency has prescribed a three-step evaluative process to be employed in determining whether a child can meet the statutory definition of disability. 20 C.F.R. § 416.924; *see generally Meredith v. Astrue*, No. CV-09-0384, 2011 U.S. Dist. LEXIS 37363, at *3 (E.D.Wa. April 5, 2011).

The first step of the test, which bears some similarity to the familiar five-step analysis employed in adult disability cases, requires a determination of whether the child has engaged in substantial gainful activity. 20 C .F.R. § 416.924(b). If so, then both statutorily and by regulation the child is ineligible for SSI benefits. 42 U.S.C. § 1382c(a)(3)(C)(ii); 20 C.F.R. § 416.924(b).

DECISION AND ORDER RE: *NEW V. COLVIN* 12-CV-5138 (VEB)

If the claimant has not engaged in substantial gainful activity, the second step of the test requires an examination as to whether the child suffers from one or more medically determinable impairments that, either singly or in combination, are properly regarded as severe, in that they cause more than a minimal functional limitation. 20 C.F.R. § 416.924(c).

If the existence of a severe impairment is discerned, the agency must then determine, at the third step, whether the impairment meets or equals a presumptively disabling condition identified in the listing of impairments set forth under 20 C.F.R. Pt. 404, Subpt. P., App. 1 (the "Listings"). Id. Equivalence to a listing can be either medical or functional. 20 C.F.R. § 416.924(d). If an impairment is found to meet or qualify as medically or functionally equivalent to a listed disability, and the twelve-month durational requirement is satisfied, the claimant will be deemed disabled. 20 C.F.R. § 416.924(d)(1).

Analysis of functionality is informed by consideration of how a claimant functions in six main areas, commonly referred to as "domains." 20 C.F.R. § 416.926a(b)(1); *Meredith*, 2011 LEXIS 37363, at *4. The domains are described as "broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(b)(1). Those domains include: (i) acquiring and using information; (ii) attending and completing tasks; (iii) interacting and relating with

DECISION AND ORDER RE: *NEW V. COLVIN* 12-CV-5138 (VEB)

others; (iv) moving about and manipulating objects; (v) caring for oneself; and (vi) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

Functional equivalence is established in the event of a finding of an "extreme" limitation, meaning "more than marked," in a single domain. 20 C.F.R. § 416.926a(a); *Meredith*, 2011 LEXIS 37363, at *4. An "extreme limitation" is an impairment which "interferes very seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(I).

Alternatively, a finding of disability is warranted if a "marked" limitation is found in any two of the listed domains. 20 C.F.R. § 416.926a(a); *Meredith*, 2011 LEXIS 37363, at *4. A "marked limitation" exists when the impairment "interferes seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(I). "A marked limitation may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with the ability to function (based upon age-appropriate expectations) independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.00(C).

DECISION AND ORDER RE: *NEW V. COLVIN* 12-CV-5138 (VEB)

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in

evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.    Commissioner's Decision

The ALJ noted that Claimant was born on April 16, 1996, and, as such, was a school-age child, as defined under 20 CFR § 416.962a (g)(2), on May 23, 2007 (the application date) and was an adolescent on March 11, 2011 (the date of the ALJ's decision). (T at 14).  At step one of the sequential evaluation, the ALJ found that Claimant had not engaged in substantial gainful activity since May 23, 2007, the application date. (T at 14).

At step two, the ALJ determined that Claimant's ADHD, obsessive-compulsive disorder, and oppositional defiant disorder were impairments considered "severe" under the Act. (Tr. 14).

DECISION AND ORDER RE: *NEW V. COLVIN* 12-CV-5138 (VEB)

However, at step three, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 14-25).  The ALJ also found that Claimant did not have an impairment or combination of impairments that functionally equaled the Listings. (T at 15-18).  In particular, the ALJ determined that Claimant had less than a marked limitation in acquiring and using information, less than a marked limitation in attending and completing tasks, less than a marked limitation with respect to interacting and relating with others, less than a marked limitation as to moving about and manipulating objects, less than a marked limitation with regard to the ability to care for herself, and less than a marked limitation in health and physical well-being. (T at 18-25).

As such, the ALJ concluded that Claimant had not been disabled, as defined under the Act, from May 23, 2007 (the application date), through March 11, 2011 (the date of her decision) and was therefore not entitled to benefits. (Tr. 25).  As noted above, the ALJ's decision became the Commissioner's final decision on August 30, 2012, when the Appeals Council denied Plaintiff's request for review. (Tr. 1-7).

DECISION AND ORDER RE: *NEW V. COLVIN* 12-CV-5138 (VEB)

**D.    Plaintiff's Argument**

Plaintiff argues that the Commissioner's decision should be reversed.   In particular, she contends that the ALJ committed reversible error by failing to consider the opinion of Dr. Hazel Gavino, a treating physician.

## IV. ANALYSIS

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only for clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

On February 10, 2011, Dr. Hazel Gavino, Claimant's treating family practice physician, completed a medical report in which she diagnosed hypothyroidism, ADHD, behavioral disorder (possibly bipolar disorder), personality disorder, and substance abuse. (T at 624).  Dr. Gavino assessed marked limitation with respect to acquiring and using information, marked limitation as to attending and completing

DECISION AND ORDER RE: *NEW V. COLVIN* 12-CV-5138 (VEB)

tasks, extreme limitation with regard to interacting and relating with others, no limitation as to moving about and manipulating objects, extreme limitation in caring for herself, and a marked limitation as to health and physical well-being. (T at 624-26).

The ALJ did not discuss Dr. Gavino's assessment.    The Commissioner concedes that this was error. (Docket No. 21, at p. 5).  However, the Commissioner argues that this was harmless error, noting that the ALJ addressed treatment notes that appeared to be from Dr. Gavino, in which the physician reported that Claimant was taking medication for ADHD and opined that there was "no guarantee that the patient will be doing much better on these medications [because] she still needs a lot of guidance in terms of care." (T at 618).  The author of the reports (which appears to be Dr. Gavino based on the format and the initials "HG" appearing on two of the reports) also noted parent-child relationship problems. (T at 616).    The ALJ referenced these reports in support of her conclusion that Claimant "does well when she is on her medication" and had increased symptoms when she was "non-compliant with her medication regimen." (T at 617).  The ALJ also found support in these reports for her finding that Claimant's behavioral problems "may improve with a mending of the parent-child relationship." (T at 17).

Although there is support in the record for the general proposition that Claimant's limitations might diminish if she was more compliant with medication

DECISION AND ORDER RE: *NEW V. COLVIN* 12-CV-5138 (VEB)

and an improved relationship with her mother, this does not provide a basis for disregarding (without explanation) the marked limitations assessed by Dr. Gavino in her February 2011 report.

An ALJ's mistake may be considered harmless if it was "nonprejudicial to the claimant or irrelevant to the . . . ultimate disability conclusion." *Stout v. Comm'r of Soc. Sec.*, 454 F.3d 1050, 1055 (9th Cir. 2006). Here, it would have been reasonable for a different ALJ to have recognized Dr. Gavino's assessment, given it proper weight in light of Dr. Gavino's treating physician status, considered the other evidence of record, and reached a different disability determination. Thus, the assessment cannot be considered irrelevant to the ultimate disability conclusion. *See, e.g. Gordon v. Astrue*, No. 10-CV-1198, 2011 U.S. Dist. LEXIS 94611, at *27-28 (E.D. Ca. Aug. 24, 2011)(finding that ALJ's failure to consider evidence was not harmless because had such evidence "been fully credited, a different ALJ could likely have reached a different disability determination").

Dr. Gavino's opinion is supported by the assessments of Claimant's teachers, who reported that Claimant had obvious and serious problems with acquiring and using information (T at 222, 232) and attending to and completing tasks (T at 223, 233), even in highly structured and supportive educational settings. Consistent with Dr. Gavino's opinion, Claimant's limitations would be expected to be more significant without the support provided by structured school settings. *See Douglas*

DECISION AND ORDER RE: *NEW V. COLVIN* 12-CV-5138 (VEB)

*v. Astrue*, No. CV 07-3284, 2009 U.S. Dist. LEXIS 9863, at *23 (C.D.Ca Feb. 10, 2009)("Plaintiff maintains, and the Court agrees, that because Plaintiff's 'educators have adapted her scholastic environment to meet [Plaintiff's] documented deficiencies [by] providing her the structure and support she needs to accommodate her impairments,' Plaintiff 'would worsen outside of this structured environment.'").[2]

The ALJ afforded "significant weight" to the opinions of two non-examining State Agency review consultants, finding their conclusions that Claimant had less than marked limitations in all domains "consistent with the medical evidence of record." (T at 17).  In fact, however, these findings were inconsistent with Dr. Gavino's assessment.  The ALJ did not address that assessment and, thus, did not reconcile the inconsistency with her decision to justify giving significant weight to the non-examining consultants' opinions.

---

[2] Section 416.924a (b)(5)(iv)(C) of the Social Security Regulations provides that:

> A structured or supportive setting may minimize signs and symptoms of your impairment(s) and help to improve your functioning while you are in it, but your signs, symptoms, and functional limitations may worsen outside this type of setting. Therefore, we will consider your need for a structured setting and the degree of limitation in functioning you have or would have outside the structured setting. Even if you are able to function adequately in the structured or supportive setting, we must consider how you function in other settings and whether you would continue to function at an adequate level without the structured or supportive setting.

DECISION AND ORDER RE: *NEW V. COLVIN* 12-CV-5138 (VEB)

Likewise, the ALJ gave "great weight" to the opinion of Jay Toews, a consultative examiner, who found that Claimant had "mild learning problems" and described her as "a fairly typical teenager, [albeit] somewhat high spirited and adventuresome." (T at 565).   Dr. Toews assigned a GAF score[3] range of 60-65, which is indicative of moderate symptoms or difficulty in social, occupational or education functioning. *See Sandburg v. Astrue*, No. CV-10-219, 2012 U.S. Dist. LEXIS 2018, at *22 (E.D.Wa. Jan. 6, 2012).   The ALJ found this opinion "consistent with the record as a whole." (T at 18). Again, however, Dr. Toews' rather benign findings are not consistent with Dr. Gavino's opinion (or, for that matter, with the assessments of Claimant's teachers), all of which the ALJ ignored.

The Commissioner argues that the ALJ would have rejected Dr. Gavino's opinion in any event based on the evidence that Claimant's condition would improve if she followed the recommended medication regimen.  (Docket No. 21, at p. 6). However, the Ninth Circuit has recognized that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir.1996)(quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir.1989)).  In addition, the ALJ

---

[3] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

DECISION AND ORDER RE: *NEW V. COLVIN* 12-CV-5138 (VEB)

does not appear to have considered SSR 96-7p.  Under that ruling, an ALJ must not draw an adverse inference from a claimant's failure to seek or pursue treatment "without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment," information and explanations which the ALJ did not document as having been sought.

For the foregoing reasons, the ALJ's failure to address Dr. Gavino's opinion cannot be considered harmless error. *See Pearce v. Astrue*, No. C09-04MJP, 2009 U.S. Dist. LEXIS 102498, at *19 (W.D.Wa. Nov. 3, 2009).

Under the Ninth Circuit's "credit as true" doctrine, evidence will be credited and the case will be remanded for calculation of benefits where "(1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

The purpose of this doctrine "is to discourage ALJs from reaching a conclusion about a claimant's status first, and then attempting to justify it by ignoring any evidence in the record that suggests an opposite result." *Vasquez v. Astrue*, 572 F.3d 586, 593-94 (9th Cir. 2009).  Further, if the Commissioner has

appropriate reasons for rejecting evidence, "it is both reasonable and desirable to require the ALJ to articulate them in the original decision." *Harman*, 211 F.3d at 1179 (quoting *Varney v. Sec'y of Health & Human Serv.*, 859 F.2d 1396, 1399 (9th Cir. 1988)).

The "credit as true" doctrine is "not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision." *Mustonen v. Colvin*, No. CV-12-3127, 2013 U.S. Dist. LEXIS 168343, at *26 (E.D.Wa. Nov. 26, 2013).

In this case, Dr. Gavino assessed marked or extreme limitations in five (5) domains and opined that Claimant's mental health impairments prevented her from appropriately caring for herself, including being compliant with medication. (T at 624-26). This is consistent with Claimant's treating physician's treatment note that there was "no guarantee that the patient will be doing much better on these medications [because] she still needs a lot of guidance in terms of care." (T at 618).

The ALJ failed to provide any reasons for rejecting Dr. Gavino's opinion; there are no outstanding issues that must be resolved before a determination of disability can be made; and it is clear from the record that the ALJ would be required to find the claimant disabled if Dr. Gavino's opinion was credited. The standard for the "credit as true" doctrine has thus been met.

DECISION AND ORDER RE: *NEW V. COLVIN* 12-CV-5138 (VEB)

In *Vasquez*, the Ninth Circuit exercised its discretion and applied the "credit as true" doctrine because of Claimant's advanced age and "severe delay" of seven years in her application. *Vasquez*, 572 F.3d at 593-94. Here, the Claimant's young age and delay of more than six years from the date of the application make it appropriate for this Court to use its discretion and apply the "credit as true" doctrine pursuant to Ninth Circuit precedent.

## V. ORDERS

**IT IS THEREFORE ORDERED** that:

Plaintiff's motion for summary judgment, **ECF No. 19**, is **granted.**

Defendant's motion for summary judgment, **ECF No. 21**, is **denied**.

Plaintiff's counsel may file an application for attorneys' fees.

This case is remanded for calculation of benefits.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of Plaintiff and **CLOSE** the file.

DATED this 31st day of January, 2014.

/s/Victor E. Bianchini

VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER RE: *NEW V. COLVIN* 12-CV-5138 (VEB)